# McBrayer *v.* Cariker.

### *Statutory Action in Nature of Ejectment.*

1. *Amendment of complaint.*— When the statute of limitations is pleaded to a statutory action in the nature of ejectment, and the evidence shows that some of the plaintiffs are barred, the complaint may be amended, by leave of the court, by striking out the names of those who are so barred; and this amendment may be allowed at any time before final judgment.

2. *Conveyance to trustee, and continuance of his estate.*—When lands are conveyed to a person, in trust for his mother and her children, then living and after-born, whether it creates a naked or an active trust under the statute (Code, §§ 2185-86), his estate terminates on the death of his mother, and the entire estate, legal and equitable, is then united in the children.

3. *Conveyance by trustee.*—At law, a trustee, clothed with the legal title, may, unless restrained by the terms of the trust, alien or incumber the estate, and the *cestui que trust*, if injured, must resort to equity for relief ; but this rule has no application to a sale and conveyance made by the trustee after his estate has expired, and when the legal and equitable estates have become united in the beneficiaries.

4. *Same.*—If the trustee, in such case, is himself one of the *cestuis que trust*, his conveyance passes to his grantee his own individual interest, though inoperative to pass the interests of the other beneficiaries.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by W. W. Cariker, Mattie Cari-

ker, S. C. Cariker, J. H. Cariker, S. E. Cariker, F. L. Adams, S. C. Cariker, A. B. Cariker, and F. M. Cariker (the last two being infants, and suing by their next friend), against James H. McBrayer, to recover a tract of land in said county containing about two hundred acres, being a part of section twenty (20), in township twenty (20), range twenty (20), together with damages for its detention; and was commenced on the 15th April, 1878. The defendant pleaded—1st, the statute of limitations of ten years; 2d, a former verdict and judgment in favor of the defendant; 3d, that he bought the lands on the 14th November, 1867, from Sidney S. Cariker, "who had the legal title thereto, with power of sale," and paid full value for the lands, without notice of the rights of the plaintiffs; and, 4th, that he bought the lands, on the 14th November, 1867, from said S. C. Cariker, who was in possession of said lands at the time, and paid their full value, and received a conveyance from said Cariker, and has ever since been in possession, claiming the lands as his own, and has erected valuable and permanent improvements, worth $500. The cause was tried on issue joined on all these pleas.

. The land sued for belonged in January, 1863, and for several years prior thereto, to one Thomas J. Edwards, and was conveyed by him, on the 17th January, 1863, to Sidney S. Cariker. This deed, under which the plaintiffs claimed, and which was offered in evidence by them on the trial, was in these words: "Know all men by these presents, that we, Thomas J. Edwards and Elizabeth Edwards, of the State and county above written, for and in consideration of one thousand dollars, to us in hand paid by Sidney S. Cariker, as trustee for his mother, Elizabeth Cariker, and her children that *is* in living, or that may hereafter be born of her, all of said county and State, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell, enfeoff, and confirm unto the said S. S. Cariker, in trust for E. Cariker, and their assigns, all that tract of land," &c., describing it; "to have and to hold the aforegranted premises unto the said Cariker and assigns, to their use and behoof forever. And the said Edwards and wife *doth* covenant with the said Cariker and his assigns, that we, the said Edwards and wife, *was* lawfully seized in fee of the aforegranted premises; that they are free of all incumbrances; that we have a good right to sell and convey the same to the said Cariker and assigns; and that we, the said Edwards and wife, will warrant and defend the said premises to the said Cariker and assigns forever, against the lawful claims of all persons. In witness," &c. (Signed by said Edwards and wife, attested by two witnesses, and recorded in April, 1863; having two certificates attached, by

different justices of the peace, of proof before them by one of the subscribing witnesses, whose name is not mentioned in either certificate.)

The defendant claimed the lands under a conveyance to him by said Sidney S. Cariker, which he proved and offered in evidence on the trial, and which was in these words : " Know all men by these presents, that I, Sidney S. Cariker, as trustee for Elizabeth Cariker, deceased, and the heirs of the said E. Cariker—namely, Lucy F. Adams, William W. Cariker, Sidney S. Cariker, of the age of twenty-one years ; *Marthy* Cariker, over eighteen years of age ; Sam. E. Cariker, Susan C. Cariker, Henry J. Cariker, Frances M. Cariker, Abram B. Cariker, minors less than twenty-one years—for and in consideration of two hundred dollars, to me in hand paid, and one promissory note for two hundred dollars, due twelve months after date, of James H. McBrayer, the receipt whereof is hereby acknowledged, hath given, granted, bargained, sold, enfeoffed, and conveyed the following lands," &c., describing them ; " to have and to hold to the said McBrayer, his heirs, executors, administrators, and assigns, to their proper use and behoof forever. And I do covenant with the said James H. McBrayer, his heirs, &c., that I am lawfully seized in fee of said lands, as such trustee ; that I have a good right, as such trustee, to sell and convey the same unto the said J. H. McBrayer, his heirs, &c., and that I will warrant and defend the same unto the said J. H. McBrayer, his heirs, &c., against the lawful claims of all persons whatsoever. In testimony whereof, I have hereunto set my hand and seal, as such trustee, on this 14th day of November, A. D. 1867." (Signed by said S. S. Cariker, acknowledged before a justice of the peace, and recorded on the 24th March, 1868.)

" On the trial," as the bill of exceptions states, after setting out the deeds under which the parties respectively claimed, " it was in evidence, that said Sidney S. Cariker and his mother, Mrs. Elizabeth Cariker, with her other children, went into the possession of said lands on the making of said deed by Edwards and wife, and continued in the possession of the same until the said Sidney S. made the said deed to defendant, which was also introduced in evidence ; that defendant went into the possession of said lands shortly after the said sale to him, and has ever since been in possession thereof, claiming the same as his own, cultivating them, and has made permanent and valuable improvements thereon, from the latter part of 1867 to the present time. It was in evidence, also, that at said sale to defendant, which was a sale at public auction, on the 14th November, 1867, Lucy F.

Adams, W. W. Cariker, and Martha (or Mattie) Cariker were present, and made no objection to the sale; that the said Lucy F. Adams, Sidney S. Cariker, W. W. Cariker, Martha or Mattie) Cariker, S. E. Cariker, S. C. Cariker, J. H. Cariker, F. M. Cariker, and A. B. Cariker were the only children and heirs of said Elizabeth Cariker, and are, at the present time, of the following ages:   Lucy F. Adams, forty years old; W. W. Cariker, thirty-nine years; Martha, or Mattie, thirty-one years; S. E. Cariker, twenty-eight years; S. C. Cariker, twenty-four years; J. H. Cariker, twenty-two years; F. M. Cariker, twenty years; and A. B. Cariker, eighteen years old. It was proved, also, that said Sidney S. Cariker is thirty-seven years old; that Mrs. Elizabeth Cariker died about the middle of the year 1865; and that the annual rent of the lands was about $45. The value of the improvements made by the defendant was not shown. The testimony showed, also, that the consideration expressed in the deed from S. S. Cariker to the defendant, above set forth, was paid to said S. S. Cariker; the part specified as cash being paid, $70 in money, and the balance in a note held by defendant on said S. S. Cariker, and the note named in the deed was paid at maturity."

"After the testimony was all introduced, the plaintiffs moved to amend the complaint, by striking out the names of Lucy F. Adams, William W. Cariker, Martha (or Mattie) Cariker, and S. E. Cariker; which motion was based on the ground, that, as to them, the statute of limitations was a bar to their recovery. To this motion the defendant objected, but his objection was overruled, and the amendment allowed; to which ruling the defendant excepted." In the judgment-entry, this motion, and the ruling of the court, are differently stated, thus: "The plaintiffs, having offered all their evidence, before going to the jury, moved to amend their summons and complaint, by striking out the names" specified, "and to strike out from the complaint the words 'eight ninths.' and insert 'four ninths;' to which motion defendant objected," &c. In the complaint, as copied in the transcript, the entire interest in the lands is claimed, and neither "eight-ninths" nor "four-ninths" appears any where except in the verdict and judgment.

"The foregoing was all the evidence in the case; and there being no dispute as to it, nor any conflict thereof," the court charged the jury, at the request in writing of the plaintiffs, as follows: "If the jury believe the whole of the evidence, the plaintiffs left in the complaint, as amended, are entitled to recover four-ninths of the land sued for." The defendant excepted to this charge, and requested the court, in writing,

to charge the jury—1st, "that the plaintiffs, under the evidence, are not entitled to recover in this action;" 2d, "that if the jury find, from the evidence, that Lucy F. Adams, W. W. Cariker, Mattie Cariker, and S. E. Cariker were of age at the time the defendant purchased and took possession under the deed from Sidney S. Cariker, then the plaintiffs can not recover in this suit, notwithstanding the amendment of the complaint by striking out the names of the persons mentioned." The court refused each of these charges, and the defendant excepted to their refusal.

. The errors now assigned are, the allowance of the amendment, the charge given, and the refusal of the charges asked.

W. P. GADDIS, and WATTS & SONS, for appellant, cited Perry on Trusts, §§ 321–27, 334–5; *You v. Flinn*, 34 Ala. 409; *Pittman v. Corniff*, 52 Ala. 83; Code, § 2185.

GEO. W. PARSONS & L. E. PARSONS, Jr., and S. J. DARBY, *contra*.

BRICKELL, C. J.—It was the right of the plaintiffs, during the progress of the trial, indeed at any time before final judgment, to amend the complaint, in any respect in which it was defective; and the amendment might be by adding to or striking out parties, plaintiff or defendant.—*Crimm v. Crawford*, 29 Ala. 623; *Forcheimer v. Pickard*, 27 Ala. 142; *Prater v. Miller*, 25 Ala. 320.

2. The recital in the conveyance of Edwards is, that the consideration, one thousand dollars, was paid by Sydney S. Cariker, as trustee for his mother, and her living and after-born children. The recital must be taken as true, as against Sydney S., and as against the appellant, his alienee and privy in estate. The consideration moving from him in the capacity of trustee, and, as it must be intended, being trust funds in his hands which he had the right of investing, if the legal estate had been conveyed to him, without a declaration of trusts, a court of equity would have impressed it with the same trusts which were impressed upon the funds employed in its purchase. It is in this view of his relation, and of the transaction, the conveyance must be read and construed. Thereby, though the conveyance is evidently the work of a very unskilled draughtsman, the intention of the parties can be collected with certainty, and the character of the estate created is not matter of reasonable doubt. The legal estate is conveyed to Sydney S., in trust for his mother, her living and her after-born children. Whether it is an active trust, cre-

[McBrayer v. Cariker.]

ated for the preservation of the estate during the life of the
mother, for herself, her living and her after-born children,
the legal title to which vested in the trustee, continuing until
the trusts were executed, under the statute (Code of 1876,
§ 2186); or whether it is a passive trust, which, by operation
of the preceding section, clothed the *cestui que trust* with the
legal as well as the equitable estate, is not a question of
practical importance.  On the death of the mother, in any
event, the estate of the trustee terminated.  All the purposes
of the trust were then accomplished, and every person enti-
tled to take as a *cestui que trust* must then have been in be-
ing.  An extension, or enlargement, of the estate of the trus-
tee beyond the life of the mother, intercepting the vesting of
a fee-simple, legal estate in the *cestui que trust*, would be
without an object, and of detriment to them.  The preserva-
tion of the legal estate, until they who were entitled to take
as after-born children could be ascertained, is the character-
istic of the trust, distinguishing it, if it is distinguishable,
from a naked, dry, or passive trust, which the statute divests
and removes as an obstacle to the union in the *cestui que trust*
of the legal and equitable estate.  On the death of the
mother, these are ascertained, and the estate of the trustee
terminates from its very nature and purposes.—*Comby v.
McMichael,* 19 Ala. 747.

The general rule, insisted on by appellant, may be con-
ceded, that at law the trustee, clothed with the legal title,
unless restrained by the terms of the trust, may convey, as-
sign, or incumber the trust estate; and if the *cestui que trust*
is injured, he must resort to a court of equity for relief.—
*Huckabee v. Billingsley,* 16 Ala. 414.  The rule can have no
application to this case, in which the sale and conveyance
was made by the trustee after the expiration of his estate,
and when the legal and equitable estate had united in the
*cestuis que trust.*  The estate vesting in him as one of the
*cestuis que trust,* passed to his grantee, but his conveyance
was inoperative to pass the estate of the other children who
did not join in executing it.

We find no error in the record, and the judgment is af-
firmed.