# Amberson *v.* Johnson.

## *Action of Assumpsit.*

1.   *Transfer of stock by trustee; conveys legal title.*—Where a certificate of stock is issued to a certain named person as trustee, the legal title to such stock is in the trustee, and his transfer and delivery thereof to a third party passes the legal title to the transferee and authorizes him to maintain a suit in a court of law upon such certificate of stock.

[Amberson v. Johnson.]

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This suit was originally commenced by the appellee, G. L. Johnson against the Queen City Bank of Gadsden; and sought to recover dividends which had been declared by said bank on a certificate of stock in said bank. The Queen City Bank of Gadsden made and filed an affidavit under the statute (Code, § 2633), in which it stated that the thirty-five dollars sued for by the plaintiff was the accumulated dividends which had been declared by it on $250 of stock in said bank, which was subscribed for by Thomas H. Amberson, as trustee, and that one Earnest Amberson claimed to be entitled to said dividends; that said claim was made without collusion between the bank and said Earnest Amberson; and thereupon the bank paid the thirty-five dollars into court. After notice served, the claimant, Earnest Amberson, by his guardian *ad litem*, one L. M. Mitchell, appeared, and propounded a claim to the money so deposited into court, and asked to be substituted as a party defendant to the suit in the place of the Queen City Bank. The substitution was made, and the cause was tried upon issue made between the said Thomas L. Johnson and Earnest Amberson, the substituted defendant.

Upon the trial of the cause, it was shown that Thomas H. Amberson, as trustee, had subscribed for the capital stock in the Queen City Bank as evidenced by the certificate of stock in question; that the certificate of stock was issued to "T. H. Amberson, trustee." The plaintiff testified that this certificate of stock was transferred to him by said T. H. Amberson, and was endorsed "T. H. Amberson, trustee." The certificate was introduced in evidence, and showed that it was issued to and endorsed by "T. H. Amberson, trustee."

Upon the cross examination of the plaintiff, he testified that the stock was transferred to him by T. H. Amberson in part payment of an indebtedness due him from said Amberson.

The evidence for the defendant tended to show that T. H. Amberson had subscribed for the stock for the benefit of Earnest Amberson, the substituted defendant,

and that it was issued to him as trustee for said Earnest Amberson. It was shown that T. H. Amberson died before the institution of the suit.

Upon the cross examination of several of the witnesses introduced in behalf of the defendant, the defendant sought to prove by them that they had heard said T. H. Amberson state that he had taken out bank stock in the Queen City Bank, as trustee, for his son Earnest. The plaintiff objected to the several witnesses testifying to such declarations made by T. H. Amberson, and the court sustained each of such objections. To each of these rulings the defendant separately excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court upon the evidence, and the rendition of judgment in favor of the plaintiff.

AIKEN & MARTIN, for appellant, cited *Shaw v. Spencer*, 100 Mass. 382; *Loring v. Salisbury Mills*, 125 Mass. 138; *Gaston v. Bank*, 29 N. J. Eq. 98; *Simons v. Bank*, 5 Rich. Eq. (S. C.), 270; *Walsh v. Still*, 2 P. S. Cas. (Pa.), 17.

GEORGE D. MOTLEY, for appellee, cited *Robinson v. Pierce*, 118 Ala. 273; *Richmond L. Works v. Moragne*, 119 Ala. 80; *Griffin v. Rabb*, 84 Md. 451; *McBrayer v. Cariker*, 64 Ala. 50; 3 Brick. Dig. 302, § 95.

DOWDELL, J.—The legal title to the certificate of stock was in the trustee. By his transfer and delivery it passed to T. L. Johnson. Unless otherwise provided by statute, the legal title in a court of law will prevail over the equitable title. Earnest Amberson was substituted as defendant under section 2633 of the Code. There is no provision in this statute changing the rule as above stated. The general rule is, "that at law the trustee is clothed with the legal title, and unless restrained by the terms of the trust, may convey, assign, or encumber, the trust estate; and if the *cestui que trust* is

injured, he must resort to a court of equity for relief." *McBrayer v. Cariker*, 64 Ala. 50; *Huckabee v. Billingslea*, 16 Ala. 414. Johnson, under the transfer and delivery of the certificate of stock, stood in the shoes of the trustee, and certainly if the trustee himself had been suing, the *cestui que trust* could not have successfully defended against the trustee's action in a court of law.

The evidence offered by the defendant and excluded by the court, to which exception was reserved, whether in or out, would not change the law of the case. Consequently the exclusion, if error, was error without injury.

The court below committed no error in the judgment rendered.

Let the judgment of the city court be affirmed.