[Hinton, et al. v.·Farmer, et al.]

# Hinton, *et al.* v. Farmer, *et al.*.

## *Ejectment.*

(Decided Nov. 29th, 1906. 42. So. Rep. 563.)

1.  *Trusts; Passive Trusts; Estate Acquired.*—A deed creating a
    naked trust in the grantee for a named beneficiary vests no
    title in the trustee, but the legal title passes at once to the
    beneficiary, under section 1027 of the Code of 1896.
2.  *Adverse Possession; Hostile Character of Possession; Husband
    and Wife.*—When the husband and wife intermarried the
    wife was the owner and in possession of certain lands, on
    which she and her husband lived until her death. The hus-
    band, before the wife's death, obtained a deed to the land
    from a grantee having no title. Held, that during the life
    of the wife, the husband's posession was not adverse under
    color of title, even subsequent to the execution of the deed.
3.  *Same; Possession of Surviving Husband.*—Where the first wife
    was the owner and in the possesion of certain lands when she
    · · married the husband, and she and her husband lived thereon
    until her death, and the husband continued in possession there-
    of until his death, · such possession was not adverse to the
    heirs of the first wife, although, after the death of the first
    wife, the husband remarried and deeded the land to the sec-
    ond wife; as his possession is referred to his life estate as a
    tenant by curtesy.

APPEAL from Tuscaloosa County Court.
Heard before Hon. Ormond Sommerville, Special
Judge.

Ejectment by William W. Farmer and others against
Mary J. Hinton and others. From a judgment for
plaintiffs, defendants jointly appeal. Affirmed.

Mary Hinton disclaimed possession of certain por-
tions of the land, which disclaimer was confessed, and
issue was joined on a plea of not guilty as to the other
part of the land. The plaintiffs are the heirs at law of
·one Elizabeth Hall, while the defendants claimed title
by a conveyance from William T. Hinton, made in his

lifetime, to Mary J. Hinton, and by adverse possession of her deceased husband, tacked to that of hers, under deeds made by John and Nancy Hudson and Calvin Barnes to the deceased husband, William T. Hinton. Elizabeth Hall and William T. Hinton intermarried after the said Elizabeth Hall came into the possession of the lands through a deed from E. Anders and others, which attempted to create a naked trust in F. P. Hall for the benefit of said Elizabeth Hall.

J. J. MAYFIELD, and FOSTER & OLIVER, for appellant.
—Counsel discuss questions raised but cite no authority.

HENRY A. JONES, for appellee.—A deed to the inchoate right of dower otherwise than to the heir or terre tenant by way of release is void.—*Lytle v. Sandefur,* 93 Ala. 396; *Wilkinson v. Brandon,* 92 Ala. 530; *Ridgeway v. McAlpine,* 31 Ala. 458; 19 Ala. 367; 16 Ala. 810; 6 Ala. 873; 3 Boone on Real Property, § 468. Under the facts as shown by this case the husband could not acquire in the land any interest adverse to the wife or set up any claim to them under color of a deed from anyone else.—*Stiff v. Cobb,* 126 Ala. 381; *Gafford v. Strauss,* 89 Ala. 283; *Wells v. A. M. Co.,* 109 Ala. 430. The deed from Nancy Hudson to William T. Hinton was absolutely void.—*Lytle v. Sandefur,* 93 Ala. 396. William T. Hinton having the right to occupy the land during his life as the surviving husband of Elizabeth Hinton could not hold adversely to the heirs of said Elizabeth.—*Robinson v. Allison,* 124 Ala. 225; s. c. 136 Ala. 434; *Stiff v. Cobb, supra; Robinson v. Pierce,* 118 Ala. 273; *Edwards v. Bender,* 121 Ala. 77; *Pundley v. Madison,* 83 Ala. 484. There was no error in excluding the deed from William Hinton to Mary Hinton.—*McMichael v. Craig,* 105 Ala. 382, and authorities there cited. The deed from Anders to Wright as trustee was a naked trust, and under section 1027, code 1896, passed title immediately to the beneficiary.

TYSON, C. J.—We entertain the opinion that the deed from Ezekiel Anders, Jr., to Ezekiel Wright, trustee for Elizabeth Hall, conferred no title upon Wright

to the lands conveyed by it, but that the legal title to them passed under it into the beneficiary named in it, Mrs. Hall.—Section 1027 of the code of 1896, and authorities cited under it. There was, therefore, no error in admitting it in evidence.

Under the undisputed evidence it cannot be doubted that the plaintiffs, who are the only heirs at law of Elizabeth Hall, deceased, are entitle to recover, unless the defendant's deceased husband acquired their estate by adverse possession. Elizabeth Hall, from whom they derived title by descent, when she married Hinton in 1856, was the owner of and in possession of the lands . After their marriage Hinton lived with her upon them until her death in 1863. After her death he remained upon them, being entitled to the possession as a tenant by curtesy until his death in 1902. In 1858 he acquired a deed to the lands from certain parties who had no title whatever in them. After his first wife's death he intermarried with the defendant Mary J. Hinton, and in 1868 made her a deed to them. These two deeds were offered in evidence by defendant as color of title, but were excluded by the trial court. The theory of the defendant seems to be that the deeds should have been admitted as tending to show adverse possession of the lands by Hinton, the husband. If it be conceded that the husband, under any circumstances, can acquire title to the lands of his wife by adverse possession, he certainly cannot do so by having a joint possession with her. One of the essential elements of adverse possession is that the possession must be exclusive. "Two persons cannot hold the same property adversely to each other at the same time."—*Stiff v. Cobb*, 126 Ala. 381, 28 South. 402, 85 Am. St. Rep. 38; *Wells v. Am. Mortgage Co.*, 109 Ala. 430, 444, 20 South. 136.

Nor was the subsequent possession of Hinton, after the death of his first wife, having life estate in the lands as tenant by curtesy, adverse to the plaintiffs, who owned the fee in the remainder. During his life at no time did their right of entry accrue. So long as his life estate in them endured, he was entitled to the possession; and it was not until his death that the right of the plaintiffs arose to sue for the establishment and re-

covery of their interest.—*Edwards v. Bender*, 121 Ala. 77, 82, 83, 25 South. 1010, and authorities there cited.

There is no error in the record of which the appellant can complain, and the judgment appealed from must be affirmed.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.