183 So. 672

**LENOUX et al. v. ANNUAL ALABAMA CONFERENCE OF METHODIST EPISCOPAL CHURCH, SOUTH.**

**2 Div. 120.**

Supreme Court of Alabama.
Oct. 6, 1938.

Smith & Johnston, of Mobile, and Rushton, Crenshaw & Rushton, of Montgomery, for appellants.

534

of facts. The sole issue presented and decided was whether or not the endorsement of the bonds by the appellee was ultra vires. The agreed statement of facts admits that the appellee corporation was operating under a charter power as fixed by the Act of 1852, Page 289, as last amended by the Act of 1871, Page 204, and that the charter has not been since amended.

It is well settled that corporations may exercise only such powers as are expressly granted or necessarily implied for the purpose of executing the powers incident to those expressly granted. Constitution 1901, Section 233; Alabama Great Southern Railroad Co. v. Loveman Compress Co., 196 Ala. 683, 72 So. 311, and cases there cited.

These acts did not give the appellee corporation the express authority to operate a hospital, business or charitable. At most, it was authorized to "receive and hold real and personal property to the value of Fifty Thousand Dollars, to be employed under the direction of the said Trustees for the advancement of the interest of religion and education, and for charitable purposes." Acts 1851–52, Page 289. The Act of 1871, Page 204, amends this quoted section only to the extent of increasing the amount of property to be held and used for the advancement of religion, education and charitable purposes to Two Hundred Thousand Dollars. There is no express general authority for it to engage in charitable purposes generally or to incur an unlimited liability for the organization or operation of hospitals by itself or through a subsidiary corporation or agency,–certainly no authority to endorse and become liable for the payment of Five Hundred & Fifty Thousand Dollars of bonds issued by another corporation whether said last corporation was or was not its subsidiary.

We have accepted the agreed statement that the charter powers of the appellee are fixed and controlled by the above cited acts, but are not unmindful of Article 23 of Chapter 274 of Michie's Code, dealing with "Corporations not of a Business Character." It may be questioned if this applies to the corporation in hand, but, conceding that it does, Section 7169 reads as follows, to wit: "Corporations, not of a business character, created under this article, or created by special act of the legislature heretofore, may acquire and

Keith & Wilkinson and Pettus & Fuller, all of Selma, for appellee.

ANDERSON, Chief Justice.

This case was tried by the circuit judge without a jury upon an agreed statement

hold real property and personal property, may receive property by gift, will or devise, holding the same in conformity with all lawful conditions imposed by the donor, and may exercise such other powers as are incident to private corporations."

This provision merely authorizes these corporations to hold and acquire real property and to receive same by gift, with lawful conditions imposed by the donor, but does not increase the extent to which it may engage in charities. This section also provides that such corporations "may exercise such other powers as are incident to private corporations." This by no means increases the charter powers of this corporation, simply deals with its implied power incident to the execution of its express power.

There can be no question that the Phoenix City Conference, by the adoption of the resolutions considered, by an almost unanimous vote of 143 to 2, gave its approval and moral support to the endorsement of the bonds and greatly enhanced the selling price of same, but we are constrained to consider and decide this case from a legal and not a moral standpoint, and the judgment of the circuit court is therefore affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.