192 So. 258

**STREET v. PITTS et al.**

2 Div. 128.

Supreme Court of Alabama.

Nov. 23, 1939.

M. Alston Keith, of Selma, for appellant.

Mallory & Mallory and A. T. Reeves, all of Selma, for appellees.

FOSTER, Justice.

This is a bill in equity, seeking a declaratory judgment fixing the rights of the parties growing out of a deed of trust.

The deed was executed in 1871 naming four persons as grantees, and stating that they compose the "Session of the Presbyterian Church of Selma and their successors in office forever." It further recites that the property is conveyed to them "in trust for the uses and benefit of a white congregation of the Presbyterian Church having their ecclesiastical connection with the Presbytery of South Alabama or such other Presbytery as they may join or be connected with from time to time." There are no active duties for the trustees otherwise recited.

The bill alleges that complainants compose the Session of the First Presbyterian Church of Selma and are the successors to those named in the deed. The controversy relates to the effect of the deed upon the power of the trustees to convey the property, and whether such a conveyance will cause the property to revert to the heirs of the grantors in the deed of trust, represented by the sole respondent, appellant here, as one of the class. The deed contains no conditions and prescribes no contingency on which the trust will cease or revert to the grantors or their heirs. The facts are not disputed.

The decree was that the legal title is vested in the "Session of the First Presbyterian Church of Selma, Alabama, as Trustees; that said trustees have the unqualified right to sell and convey said lot as may seem to them expedient; that the respondent has no right in or title to said described lot." Respondent appeals.

It is evident that the most immediate principle which is controlling on the controversy is the effect of a proposed sale of the property by the trustees on the claim by respondent that it would cause reversion of the title to him and the other heirs of the grantors represented by him. That also involves the incidental question of the power of the trustees to sell at all, and the conditions on which it must be exercised. If they have no power to sell the property free of the trust, such an attempted sale would not work a lapse of the trust or cause a reversion of the property; if they have the legal right as trustees to sell and convey the property free of the trust, that would not cause a reversion because it would be consistent with the legal effect of the trust, having no express stipulation for a reversion.

As we have here noted, the decree of the court was not only that the trustees hold the legal title but have the unqualified right to sell and convey the lot. We assume that by that decree the court was of the opinion and declared in effect that the trustees could do so without an order of a court of equity, and freed of the trust.

This Court in the early case of Huckabee v. Billingsly, 16 Ala. 414, 50 Am.Dec. 183, declared a principle in this connection which has become fixed in this State, and not contrary to that asserted in others. It was held that a trustee, possessed of the legal title, may convey that title so as to be recognized in a court of law, though no power of conveyance is given in the trust deed, and no authority of a court of equity has been obtained. But when so, the beneficiary may follow

534

the estate in the hands of a stranger to whom it was conveyed, and assert his interest in equity against any person who is either a volunteer or a purchaser with notice; or he may elect to hold the trustee personally liable, thereby ratifying the sale and confirming the title of the purchaser free of the trust. McBrayer v. Cariker, 64 Ala. 50; Amberson v. Johnson, 127 Ala. 490, 29 So. 176. His right to be so asserted was called a constructive trust. Smith v. Dallas Compress Co., 195 Ala. 534(21), 70-So. 662; Coker v. Hughes, 205 Ala. 344, 87 So. 321. Under this principle the trustee may not sell the property freed of the trust without an order of a court of equity or authority in the deed.

Does section 6912, Code, influence the question? Ordinarily a deed to one in trust for the use of another, with no active duties expressly or impliedly declared, operates as a conveyance of the legal title to the beneficiary free from any power of sale by the person so named as trustee. Section 6912, Code; Hinton v. Farmer, 148 Ala. 211, 42 So. 563, 121 Am. St.Rep. 63; Huntington v. Spear, 131 Ala. 414, 30 So. 787; Kidd v. Cruse, 200 Ala. 293, 76 So. 59. In that event the beneficiary is free to sell without regard to the trust feature of the deed.

But when the object of the trust is the preservation of the title for the benefit of a class whose personnel is subject to future change, the estate is "technically a springing or shifting use," and until the members of the beneficiary class are finally determined the statute in question will not serve to terminate the trust. Bibb v. Bibb, 204 Ala. 541, 86 So. 376; Edwards v. Edwards, 142 Ala. 267, 273, 274, 39 So. 82; Coker v. Hughes, supra.

An unincorporated association is without capacity to hold the title to real property. Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 139 Am. St.Rep. 41; Stewart v. White, 128 Ala. 202, 30 So. 526, 55 L.R.A. 211; 34 Corpus Juris 47; 10 Amer.Jur. 60. When a deed of trust is made to trustees for such an association, the title remains in the trustees as such though it is a passive trust, and notwithstanding the statute, because (1) it is a "springing and shifting use" and (2) because the beneficiary cannot hold the title; and the statute of uses, sec-

tion 6912, Code, can have no field of operation. See 14 Corpus Juris Secundum, Charities, 470, § 36. Such trusts are not unusual and are ordinarily sustained. 34 Corpus Juris 47.

If the association is a church organization and becomes incorporated, it succeeds to all the rights of the unincorporated church, including the benefits of such a trust. Walker v. McPherson, 199 Ala. 486, 74 So. 449; Gewin v. Mt. Pilgrim Baptist Church, supra. This includes the right to own, possess, buy and sell real and personal property. Lenoux v. Annual Alabama Conference, 236 Ala. 529, 183 So. 672; section 7169, Code. And it must be done as authorized by statute. Section 7172, Code, as amended by Act of 1927, pages 83 to 85; Pallilla v. Galilee Baptist Church, 215 Ala. 667, 112 So. 134; Galilee Baptist Church v. Pallilla, 219 Ala. 683, 123 So. 210.

So that a deed to trustees of an unincorporated association, though inactive, does not vest the legal title in the beneficiary but in those trustees and their successors. When that association becomes incorporated, the beneficiary becomes a definite, certain entity, and we see no reason why under such a trust the title would not thereby vest in the corporation. Section 6912, Code.

The facts here set out do not show whether the church has become incorporated or not. We cannot therefore presume that it has been; but must assume that it is still an unincorporated association with the title to the property remaining in complainants as trustees. Upon that assumption, the trustees cannot sell the property free from the trust without authority of a court of equity. 10 Amer.Jur. 620, section 51; 65 Corpus Juris 730, section 594; 2 Perry on Trusts and Trustees 1306, section 764; section 10438, Code. And the beneficiary cannot do so under the influence of section 6912, Code, unless it becomes incorporated as authorized.

Many of such questions were not considered in Hunter v. Murfee, 126 Ala. 123, 28 So. 7, relied on by appellees, because they were not necessary. There a deed was made to trustees of Howard College and their successors in office to the use of said college. It was a corporation under the laws of Alabama. The property was sold on execution against it

to satisfy a judgment, and Wilkerson and Lovelace became the purchasers and later conveyed the property to Howard College. It is there said that after the college was moved to East Lake Wilkerson and Lovelace again took possession, by what authority is not stated, and conveyed it to the Baptist Church, and that the Marion Military Institute under J. T. Murfee was then in charge of the property. (It appears in the case of Lovelace v. Marion Institute, 215 Ala. 271, 110 So. 381, that Wilkerson and Lovelace sometime later perhaps deeded the property to trustees for that institute.) The contention was made that those facts caused the property to revert to the original grantors or their heirs. The court held that there was no such condition expressed or to be implied. The headnote is that the conveyance passed a fee simple absolute title, and not an estate on condition or a base fee. It is here thought that since such a deed passed the fee simple absolute title, therefore the trustees could, without an order of court, sell the property free of the trust. Such was not done nor held in that case. The opinion is consistent with the principles elsewhere settled which we have here recited.

No facts here are alleged to show that the association for which the trust was created was dissolved so as to cause the trust to lapse and the property revert to the grantors. King v. Banks, 220 Ala. 274, 124 So. 871; Dunn v. Ellisor, 225 Ala. 15, 141 So. 700; Noble v. First National Bank, 236 Ala. 499, 183 So. 393.

We think therefore that the decree of the circuit court, in equity, should be modified to the extent that it declares that the trustees have the unqualified right to sell and convey said lot as may seem to them expedient.

It is our view, and we make declaration in that respect, that so long as the beneficiary remains an unincorporated association, the property cannot be sold freed of the trust except by order of a court of equity. If the beneficiary becomes incorporated, as it may be under the statute, the sale may be made by it as authorized by the statute, to which we have referred, when it will not be necessary to have an order of a court of equity.

As thus modified, the decree is affirmed.

Modified and affirmed.