## BELLAMY v. PITTS et al.[*]

(Circuit Court of Appeals, Fifth Circuit. February 11, 1925. Rehearing Denied March 11, 1925.)

No. 4289.

**1. Trusts ⬤⟝365(2)—Beneficiary held barred of relief by laches.**

Under the law of Alabama, as settled by decision, the only remedy of the beneficiary of a trust in real estate which has been violated by a conveyance of the land by the trustee, is by suit in equity, and such remedy is lost by laches if, with knowledge of the conveyance and of possession by the grantee, such suit is not brought within 20 years.

**2. Courts ⬤⟝367—State decisions, establishing rule of real property, are binding on the federal courts.**

Decisions of the Supreme Court of a state, establishing a rule of real property in that state, are binding on the federal courts.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Action at law by Minnie L. Bellamy against Willie G. Pitts and others. Judgment for defendants, and plaintiff brings error. Affirmed.

W. A. Gunter, of Montgomery, Ala., and H. A. Ferrell, of Seale, Ala., for plaintiff in error.

Robert Tyler Goodwyn, of Montgomery, Ala., John V. Denson, of Opelika, Ala., and Frank M. De Graffenried, of Seale, Ala., for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

WALKER, Circuit Judge. The court decided against the asserted right of the plaintiff in error (herein called the plaintiff) to recover described land in Russell county, Ala., which was formerly owned by S. C. Lindsay, who in 1859 conveyed it by deed to William C. Bellamy, the husband of the grantor's daughter, Frances H. Bellamy, who was the mother of the plaintiff; the following being the habendum clause of that deed:

[*]Certiorari denied 45 S. Ct. 515, 69 L. Ed. —.

"To have and to hold the above given and granted premises, together with all the improvements and appurtenances thereof, to him, the said William C. Bellamy, and to his successors in the trusts herein created appointed, by the proper authority, upon trust and confidence that he and his successors shall hold the legal title of the above given premises, for the sole and separate use and as the separate estate of the said Frances H. Bellamy during her natural life, free from, and in no manner at any time liable to, the debts or contracts of the said William C. Bellamy or any future husband of the said Frances H. Bellamy. Upon further trust and confidence that the said William C. Bellamy and his successors lawfully appointed shall have power and authority, upon the written consent and application of the said Frances H. Bellamy to sell and dispose of the said above given premises, and make and execute legal titles therefor to the purchase thereof, and reinvest the proceeds of such sale in other property suited to the convenience and circumstances of the said Frances H. Bellamy and her family, taking title therefor and holding the same with all the trusts and confidences herein and hereby created and specified. And upon further trust and confidence that the said William C. Bellamy and his successors as aforesaid, upon the death of the said Frances H. Bellamy, shall convey the afore given premises, or the property, either real or personal, which may be acquired under and by virtue of the trusts herein created, to the children of the said Frances H. Bellamy living at the time of her death."

In October, 1881, after the death of S. C. Lindsay, William C. Bellamy and his wife, Frances H. Bellamy, executed a deed to Richard E. Lindsay, as executor of S. C. Lindsay, deceased. That deed contained the following:

"This indenture, made this the 24th day of October, 1881, between William C. Bellamy, of said county, as trustee for Frances H. Bellamy and her children, and Frances H. Bellamy, who joins in this conveyance as manifesting her written consent to the sale and disposition of the property herein conveyed, of the one part, and Richard E. Lindsay, as Executor of S. C. Lindsay, late of Muscogee county, deceased, of the other part, witnesseth: That heretofore, to wit, on the 12th day of March, 1859, the said S. C. Lindsay made a certain deed whereby he conveyed to the said William C. Bellamy, upon trust for the use of the said F. H. Bellamy during her life, and after her death to con-

vey the same to the children of the said F. H. Bellamy then living, and upon further trust that the said William C. Bellamy shall have power and authority, upon the written consent and application of the said F. G. Bellamy, to sell and dispose thereof, and make and execute legal title therefor to the purchase thereof, the following described parcels of land lying and being in the county of Russell, in the state of Alabama, to wit: [Here follows description of said land] * * * And the said deed having been recorded in the office of the probate court of Russell county aforesaid, and having been retained by the said S. C. Lindsay in his own possession; and whereas, afterwards, on the 11th day of September, 1872, the said S. C. Lindsay purchased from one John Foster, at the price of three thousand dollars, a certain tract of land in Calhoun county, Alabama, and procured the said Foster to convey the same to the said Frances H. Bellamy, and at the same time the said William C. Bellamy and said Frances H. surrendered to the said S. C. Lindsay the possession of said land in Russell county, and took possession of said land in Calhoun county, and the said S. C. Lindsay having retained possession of said land in Russell county until his death, and having as it is believed destroyed the said deed, so that no evidence of title remains, except the said record, and the said S. C. Lindsay having departed this life leaving a large estate, and under his will the said Frances H. Bellamy being entitled to an undivided share of greater value than said land in Russell county, and said land being worth much less at this date than at the time of making said deed in 1859, and it therefore being to the interest of the said Frances H. to consider said advance, so made by said deed, as received, and to receive her full share of said estate without taking said land as a part thereof: Now, in consideration of the premises, the said William C. Bellamy, trustee as aforesaid, and the said Frances H. Bellamy, have renounced, relinquished, and quitclaimed, and by these presents do renounce, relinquish, quitclaim, and convey unto the said Richard E. Lindsay, executor of S. C. Lindsay, all the right, title, and interest which they or either of them have in the said premises in Russell county aforesaid, so that the right and title thereof shall vest in and remain in the said S. C. Lindsay in the same manner and of the same extent before the making of said deed in 1859."

In 1883 R. E. Lindsay, as executor, under the power contained in his testator's will,

sold and conveyed the land sued for. The purchaser at that sale and those claiming under him, including the defendants, were in open, exclusive, continuous, notorious, and peaceable possession of that land, claiming title to it in fee simple, from the time it was conveyed by R. E. Lindsay, executor, in 1883, until this suit was brought in 1923. The plaintiff, who was born in 1856, knew of the above-mentioned deed executed by her father and mother when that deed was made, and knew of the above-mentioned possession of the land by the grantee of R. E. Lindsay, as, executor, and those claiming under such grantee, from the time such possession commenced. Plaintiff's mother, Frances H. Bellamy, died in 1915.

[1] Decisions of the Supreme Court of Alabama are to the following effect: Such a deed as the above-mentioned one to William C. Bellamy vests a fee-simple title in the grantee, as a fee in the grantee is necessary to enable him to exercise the power conferred on him to convey the fee, which he holds in trust. Where one with knowledge of the trust, and in contravention thereof, purchases from the trustee, he holds the legal title as a constructive trustee for the beneficiaries of the trust. In such case, though such purchaser knows that the deed to him is violative of the trust under which the grantor therein had the legal title to the land conveyed, the only remedy of the beneficiaries of the trust for redress of the breach thereof by the trustee and his vendees and subvendees is resort to a court of equity; the right of a beneficiary to relief in equity accruing when the breach of trust occurs and the beneficiary is informed thereof, and the beneficiary's rights to equitable relief being subject to be lost by his laches, of which he is guilty if, for more than 20 years after learning of such breach of trust, he fails to seek the equitable relief to which he is entitled. Robinson v. Pierce, 118 Ala. 273, 24 So. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160; Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289; Smith v. Dallas Compress Co., 195 Ala. 534, 70 So. 662; Veitch v. Woodward Iron Co., 200 Ala. 358, 362, 76 So. 124.

According to the cited decisions, though the above-mentioned deed of William C. Bellamy and his wife on its face showed a breach of the trust under which William C. Bellamy held the legal title, the only remedy available to the plaintiff for the protection of her rights under the deed to her father was an equitable one, to which she became entitled more than 40 years before this suit was

brought, and which ceased to be available in consequence of her failure to seek it seasonably.

[2] Decisions of the Supreme Court of Alabama establishing a rule of real property in that state are binding upon courts of the United States. Bauserman v. Blunt, 147 U. S. 647, 13 S. Ct. 466, 37 L. Ed. 316; Balkham v. Woodstock Iron Co., 154 U. S. 177, 14 S. Ct. 1010, 38 L. Ed. 953; Bondurant v. Watson, 103 U. S. 281, 26 L. Ed. 447. Under the above-cited Alabama decisions, the plaintiff did not have the legal title to the land sued for when the suit was brought, and was not then entitled to possession of that land. Though those decisions are not in harmony with decisions in other jurisdictions, and though the soundness of them may be questionable, to say the least, they are controlling in this court. Under those decisions, the above-mentioned ruling was not erroneous.

The judgment is affirmed.