# Smith *v.* Dallas Compress Co., *et al.*

### Bill to Ascertain and Declare Remainder Interest.

(Decided January 13, 1915. 70 South. 662.)

1. **Limitation of Action; Computation; Concealment of Cause of Action.** —Where a beneficiary and remainderman, under an antenuptial conveyance by his father in trust to his mother, had notice that the mother had made a conveyance of the fee when he was about a year old, but the mother's grantee and successors had been in open, adverse possession of the property for more than thirty years, during ten years of which time such beneficiary had been of age, and all the deeds taking it having been recorded, and neither the mother, the mother's grantee, nor the successors in title had been guilty of fraud, the cause of action of the beneficiary to assert his rights in the land, the beneficiary with reasonable diligence subsequent to the years of his majority being able to have ascertained that his rights were being repudiated, was barred by the statute of limitations; ignorance of right in a complaining party, there being no more than mere silence and passiveness in the adversary party, is not that actual fraud that is necessary to prevent the running of the statute.

2. **Trusts; Constructive.**—Where the mother was a trustee under her husband's antenuptial conveyance in trust for the support of her infant son, and conveyed to a third person who had knowledge of the express trust, the express trust was terminated, and a constructive trust, created by implication of law, came into existence, with such grantee as the constructive trustee.

3. **Limitation of Action; Breach of Trust; Beneficiary's Remedy.**—As between a cestui que trust, and the trustee of an express trust, no lapse of time will bar the cestui que trust of his remedy for a breach of the trust.

[Smith v. Dallas Compress Co., et al.]

4. **Same.**—Where the trustee of an oxpress trust conveys a trust estate to a purchaser who had notice of its trust character, thereby imposing upon the purchaser the character of a constructive trustee, lapse of time operates to bar the beneficiary from his remedy against such constructive trustee.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Bill by J. Q. Smith against the Dallas Compress Company and others. From a decree sustaining a demurrer to his amended bill, complainant appeals. Affirmed.

For a full statement of the facts in this case, see *Smith v. Turpin,* 109 Ala. 689, 19 South. 914, and *Dallas Compress Co. v. Smith,* 190 Ala. 423, 67 South. 289.

The following is the amendment: Section 9½. Complainant further shows unto the court that he never had any knowledge or notice of any of the facts in reference to the land involved in this suit until, to wit, some time in May, 1913, when he received a letter from some attorney in Selma, Ala., making inquiry of complainant as to whether or not he made any claim to a part of the land involved in this suit; that up to this time this complainant never knew that his father had ever owned any property in Dallas county, Ala.; that up to said time he never knew nor was he in possession of any fact which would put him on notice of the execution of any of the instruments or conveyances mentioned in this bill; that complainant's mother had never disclosed to complainant, nor was complainant in any way informed by her that his father ever owned any of the property involved in this suit, or that said antenuptial contract was ever executed, or that this complainant had any interest in the property involved in this suit. Complainant avers that he was an infant of tender years, about one year of age, at the time of the execution of the deed by complainant's mother to Ikelheimer; that this complainant had never lived in Dallas county, Ala.; that he never knew or heard until the communication from the said attorney in Selma, Ala., above referred to, that his father ever owned or was interested in any property in Dallas county, Ala., or that this complainant had any interest in any property in said county. Complainant also avers that the said Ikelheimer, and those claiming through him, have never at any time brought any knowledge home to this complainant that they were holding or claiming said property adversely to the rights of this complainant,

or the rents, issues, incomes, or profits therefrom, antagonistic to the rights of this complainant, and that no demand has ever been made by this complainant, or any one authorized to act for him, on any of these parties respondent for an accounting, or for maintenance and support. Complainant avers that immediately after the receipt of the communication above referred to he began an investigation of his rights to the property involved in this suit, and filed this, his bill of complaint, within four months thereafter, and as soon as he could ascertain sufficient facts on which to base his complaint. Plaintiff further avers that none of the parties respondent have been prejudiced by the seeming delay in this cause, and that they each took whatever part of the property they have an interest in with notice of the said antenuptial contract executed by complainant's father, and that they have never brought to the notice or knowledge of this complainant, or made any open disavowal of, the trust therein created for complainant's benefit. And complainant avers that it was the intention of complainant's father in said antenuptial contract to provide such child or children as might be born of the marriage mentioned therein with maintenance and support so long as such child or children might live up to the death of the said Marie L. Smith, and that such maintenance and support was to continue until the death of said Marie L. Smith, during the life of such child or children and not to cease until such child or children became of lawful age, and that it was the further intention of complainant's said father in said instrument that said maintenance and support should be allowed from time to time as such child or children might require the same.

The same demurrers were refiled to the bill as amended, and the additional demurrer that it does not state a case of secret fraud, nor does it sufficiently state that any of the conveyances were fraudulently concealed or that the grantees therein were guilty of any fraud in acquiring said land, etc.

HORACE C. WILKINSON, and HENRY UPSON SIMS, for appellant. PITTS & LEVA, and KEITH & WILKINSON, for appellee.

McCLELLAN, J.—The original bill in this cause was filed by the appellant against the appellees. It sought to have the

vested remainder ascertained and declared in certain real estate, and also to recover from the appellees a sum for appellant's maintenance and support, past, present, and future, which should be paid out of the rents and profits of the land. The land in question was conveyed by appellant's father to his mother, on the eve of their marriage, by an antenuptial contract, which provided that the wife should have a life estate in the property upon which a charge was fixed for the maintenance and support of appellant during the life of the mother, and at her death the property was to go to appellant. We need not repeat the ample recital of the facts to be readily found in *Smith v. Turpin,* 109 Ala. 689, 19 South. 914, and in *Dallas Compress Co. v. Smith,* 190 Ala. 423, 67 South. 289.

When appellant was about one year old his mother, the trustee named in the antenuptial contract, conveyed to one Ikelheimer. The claim of appellees is traced through Ikelheimer. The trustee had no power to convey at the time she attempted to convey to Ikelheimer. The trust established by the antenuptial contract was breached by the conveyance made by the trustee, and Ikelheimer and those claiming through him had notice of the breach. On the former appeal (190 Ala. 423, 67 South. 289) the complainant's estate in remainder in the land in question was confirmed, thus affirming the ruling of the chancellor in overruling the demurrer to the original bill as a whole, and also affirming the decree of the chancellor in sustaining the demurrer to that part of the bill which sought to recover maintenance and support out of the rents and profits of the land. With reference to the latter feature of the bill, it was then said: "Conceding that complainant might in his present circumstances fix a charge upon the land if it were still held by his mother, which seems doubtful (Berry on Trusts, § 118), still he has lost that right by the adverse holding of defendants. The right of support and maintenance out of the rents and profits of the life estate which complainant now asserts has been neglected from the time of the purchase by defendants more than 30 years before the filing of this bill, and for more than 10 years of this time complainant has been of age. The purchase by defendants, their entry, and their adverse holding during this period was notice to the world of their repudiation of complainant's right, and he is now barred. —Code, §§ 3091, 4846; *Nimmo v. Stewart, supra* [21 Ala. 682];

*Abercrombie v. Baldwin,* 15 Ala. 363; *Fowler v. Ala. I. & S. Co.,* 164 Ala. 414, 51 South. 393."

(1) The next step in the cause taken in the court below was to amend the bill by the addition of paragraph 9½. The report of the appeal will contain this paragraph. The demurrers of the several parties respondent to the bill as amended were sustained by the court upon the theory that the consideration and ruling made as above quoted were not averted or their operation and effect avoided by the amendment which introduced paragraph 9½. The effect of this amendment was not to charge actual fraud against the trustee or Ikelheimer and the subsequent grantees. It does allege a want of notice or information on the part of the complainant of the fact of the breach of the trust wrought by the unauthorized conveyance made by the trustee. The grantee from the trustee and the succeeding grantees have been in the .open, adverse possession of the property for more than 30 years, and all deeds touching it are of record. "Ignorance of right in the party complaining, there being no more than passiveness, mere silence, on the part of his adversary," is not such actual fraud as is necessary to avail of the exception provided from the statute of limitations.—*Underhill v. Insurance Co.,* 67 Ala. 45; *Scruggs v. Decatur Land Co.,* 86 Ala. 173, 5 South. 440; *Martin v. Bank,* 31 Ala. 115. It appears from the amended bill that at least during the years subsequent to the attainment of his majority the complainant might with reasonable diligence have ascertained that his rights under the charge upon the land in question were being repudiated by those in the adverse possession of the land. All the circumstances disclosed by the amended bill affirmatively refute any notion that the trustee or Ikelheimer or subsequent grantees undertook or effected any concealment of the fact that the trust for his maintenance and support had been constantly repudiated for more than 30 years, during more than 10 years of which period the complainant had been of age.

(2-4) When the trustee violated the trust by conveying the trust estate to Ikelheimer, the express trust then and theretofore existing under the antenuptial contract was terminated, and a constructive trust, created by implication of law, came into existence, succeeding the direct, express trust thus terminated. The purchaser from the trustee with knowledge of the breach of the express trust wrought by the conveyance made to him by

[Smith v. Dallas Compress Co., et al.]

the trustee became by construction of law a trustee. While as between the cestui que trust and the trustee of the direct, express trust no length of time will bar the beneficiary from his remedy, such exemption from the effect of the lapse of time does not apply to a constructive trust that is brought into existence by implication of law when the trustee of a direct trust conveys the trust estate to a purchaser with notice of its trust character, and thereby imposes upon the purchaser the character of a constructive trustee.—*Tarleton v. Goldthwaite*, 23 Ala. 346, 358, 58 Am. Dec. 296; *Robinson v. Pierce*, 118 Ala. 295, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160; *Brackin v. Newman*, 121 Ala. 411, 26 South. 3; *Newman v. Newman*, 60 W. Va. 371, 55 S. E. 377, 7 L. R. A. (N. S.) 370; 3 Pom. Eq. Jur. §§ 1030, 1048. In such circumstances: "A purchaser from a trustee, in contravention of the trust, in no sense, becomes thereby an express trustee. He becomes a trustee in invitum, by construction of law. He is a constructive trustee. He holds actually in his own right, and in hostility to the world; but a court of equity * * * will 'force a trust upon his conscience,' and compel him to perform it or answer for its fruits."—*Robinson v. Pierce, supra*.

It has been long settled in this state, whatever may be the rule elsewhere prevailing, that a constructive trust thus created may be barred by the lapse of time.—Authorities, supra. The obligations imposed by law upon the purchaser from a trustee of an express trust are the same as were the obligations imposed by the express trust upon the express trustee, and these obligations the purchaser with notice will be compelled to satisfy at the seasonable suit of the cestui que trust; but, as the above-cited authorities conclusively establish, the character of trust is changed when the original trustee conveys in violation of the trust to the purchaser who is informed that the subject of the conveyance is impressed with an express trust. It results from these considerations that the declaration above quoted from our former opinion in this cause is applicable to the case made by the amended bill, and requires, in consequence, the affirmance of the decree sustaining the demurrer to the bill as amended.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.