(87 South. 321)

**COKER et al. v. HUGHES et al.    (3 Div. 448.)**

(Supreme Court of Alabama. Nov. 18, 1920. Rehearing Denied Feb. 12, 1921.)

**1. Exceptions, bill of ⬤═32(2)—Trial judge may settle bill, though circuit was changed.**

Where, after trial, but before settling of the bill of exceptions, the county in which trial was had was taken out of the Second circuit and placed in the Twenty-First circuit, the judge of the Second circuit, who presided, is entitled to settle the bill of exceptions, for his term had not expired by operation of law, within Act Sept. 25, 1915 (Acts 1915, p. 816); the power to settle and authenticate bills of exceptions being conferred on the judge who presided at trial, and not the court within which trial was had.

**2. Ejectment ⬤═15(1)—Where parties assert title from common source, they are estopped to impeach it.**

Where the parties asserted title from a common source, they are estopped to impeach such title.

**3. Deeds ⬤═97—In case of conflict, granting clause prevails over the habendum clause.**

In case of conflict between them, the granting clause will prevail over the habendum clause.

**4. Trusts ⬤═30—Where new beneficiaries may come into being, the trust will not be executed. ·**

Where land was conveyed in trust to a married woman for life, then to the heirs of her body, the trust during the period of the marriage, while new heirs might come into being, was not executed by Code 1852, § 1306, declaring that no use or trust can be declared of any land for the mere benefit of third persons, and all assurances declaring any such use or trust must be taken to vest legal title in the person for whom the same is declared, for until termination of the life estate the trust was not a mere passive or inactive one.

**5. Trusts ⬤═102(1), 203—Conveyances by trustees held binding on him, and to bring into existence a constructive trust.**

Where a trustee of a trust, not executed by Code 1852, § 1306, conveyed the legal title,

such conveyances were binding on him, carrying the legal title, although the grantees took it subject to a constructive trust in favor of the beneficiaries.

**6. Ejectment ⊚⇒13—In ejectment, legal title and not equitable interest prevails.**

In ejectment, the legal title and not the equitable interest will prevail, although the holder of the legal title may have taken it subject to a constructive trust in favor of the equitable owners.

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Ejectment by Sam W. Coker and others against J. A. Hughes, as tenant, and Irene Talliaferro, as landlord. Judgment for defendants, and plaintiffs appeal. Affirmed.

Hunter H. McClelland, of Mobile, for appellant.

Both parties trace title to a common source, and it was not necessary for plaintiffs to show title out of the government. 83 Ala. 484; Lyman's deed conveyed a life estate to Epsic Coker, and vested a remainder in the plaintiff, whose possessory right accrued upon the death of said Epsie Coker. 34 Ala. 379; 54 Ala. 480; 70 Ala. 107; 77 Ala. 441; 80 Ala. 307; 85 Ala. 455, 5 South. 219; 101 Ala. 691, 15 South. 644; 105 Ala. 439, 17 South. 15; 122 Ala. 635, 25 South. 225. The estate of the children was the vested remainder in those in being, and opened up for the admission of those afterwards born. 109 Ala. 528, 20 South. 370; 182 Ala. 528, 62 South. 674. The trustee named in the deed was a naked or dry trustee, and under the statute then in force the legal title passed to the beneficiary. 51 Ala. 574; 77 Ala. 440. The defendants had only a life estate, and nothing they might do could constitute an adverse holding against the remaindermen until the falling in of the life estate. 74 Ala. 122. The granting clause in a deed prevails over other repugnant clauses. 172 Ala. 46, 55 South. 423; 180 Ala. 412, 61 South. 341; 29 Ala. 588. There is no merit in the contention that the bill of exceptions was not signed by the proper judge.

Steiner, Crum & Weil, of Montgomery, Hamilton & Page, of Evergreen, D. M. Powell, of Greenville, and Barnett, Bugg & Lee, of Monroeville, for appellees.

The bill of exceptions should be stricken, because signed by a judge who was not at the time judge of the Conecuh circuit court; his term of office having expired by operation of law. Section 3022, Code 1907; as amended by Acts 1915, p. 815; 77 South. 939; 123 Ala. 24, 26 South. 329; 123 Ala. 58, 26 South. 333. The court properly directed a verdict for the defendant—first, plaintiffs did not trace their title back to the government, 107 Ala. 531, 18 South. 108; 145 Ala. 591, 40 South. 315; 149 Ala. 324, 42 South. 995; 169 Ala. 452, 53 South. 773, Ann. Cas. 1912B, 331; and, second because plaintiffs failed to show title in themselves it having been conveyed out by the mortgages and deed from Lyman to the trustees and from the trustees and beneficiary by mesne conveyances to the defendant. 64 Ala. 50; 118 Ala. 273, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160; 121 Ala. 311, 26 South. 3; 131 Ala. 414, 30 South. 787; 56 South. 533; 195 Ala. 534, 70 South. 662. See, also, 21 Ala. 458; 142 Ala. 267, 39 South. 82; 57 Ala. 569; 18 C. J. 257 et seq.

McCLELLAN, J. Ejectment, instituted by appellants against appellee, tenant under Mrs. Irene Talliaferro, to recover business property in the town of Evergreen. The general affirmative charge was given for defendants, appellees, and nonsuit was thereupon suffered by plaintiffs.

[1] The case was tried by the judge of the Second judicial circuit. After the trial, and before the bill of exceptions was signed by the judge who presided at the trial, the Legislature took Conecuh county (the place of trial) out of the Second circuit and constituted it a part of the Twenty-First circuit. There is a motion by appellees to strike the bill of exceptions, on the ground that the judge of the Second circuit was thereafter without power or authority to efficiently settle and sign the bill of exceptions; the argument being that, within the purview of the amendatory act approved September 25, 1915 (Gen. Acts, p. 816), this judge's term had expired by operation of law, because of the change of Conecuh county from the Second to the Twenty-First circuit. The theory of the motion is ill-founded. The power to settle and authenticate bills of exceptions is conferred on the judge who presided at the trial, not on the court in which the trial was had. The judge who presided at the trial is still a circuit judge. His term of office has not expired by operation of law, as was the case with respect to the judge whose status was considered by the Court of Appeals in Thacker v. Selma, 16 Ala. App. 345, 77 South. 939. The motion to strike is overruled.

[2] Since both parties to this cause trace their asserted titles to the lot in question to a common source, each of them is estopped to impeach that title. Pendley v. Madison, 83 Ala. 484, 3 South. 618, among many others. There was, hence, no obligation on the plaintiffs to show that title to the lot had passed out of the government.

[3, 4] In 1865 the lot in litigation was owned by the Lymans. For a recited valuable consideration paid by Isaac G. Smith,

trustee, they (1865) conveyed it to Isaac G. Smith in trust, as appears from the deed to be now reproduced, in material parts as follows:

" * * * Hereby sell, convey, grant and deliver unto the said Smith, in trust for said Epsie A. Coker, for the period of her natural life, and then to the heirs of her body, the certain issue of her marriage with the said Thomas H. Coker, to her and their sole and separate use, benefit, and behoof forever, the following messuage or tract or parcel of land, * * * together with all the appurtenances thereunto belonging or in anywise appertaining, to have and to hold the aforegranted premises unto the said Smith, in trust as aforesaid, for the sole and separate use, benefit, and behoof of the said Epsie A. Coker, and the heirs of her body by said T. H. Coker in fee simple. And we, the said Pius C. Lyman and his wife, C. F. Lyman, do hereby covenant and agree with the said Isaac G. Smith, trustee as aforesaid, that we are lawfully seized in fee of the aforegranted premises, that they are free from all incumbrances, and that we have a good right to sell and convey the same to the said Smith in trust as aforesaid, and that we will warrant and defend the same unto the said Smith, as trustee as aforesaid, as well as any one claiming under and through him against the lawful demands of all persons whatever."

Epsie A. Coker died in 1912. Thomas H. Coker, her husband, died 3 or 4 years before his wife. This action was instituted in 1918. The plaintiffs are children of Epsie A. Coker and her husband, T. H. Coker. Mrs. Talliaferro, a defendant appellee, claims through mesne conveyances running back over 40 years to mortgages executed by the trustee, Isaac G. Smith, and Epsie A. and T. H. Coker, to Stallworth and others, and foreclosed under the power in 1868.

Unless defeated in its effect by the provisions of section 1306 of the Code of 1852 (section 3408 of the Code of 1907), reproduced below, this deed from the Lymans to Smith, trustee, invested the trustee with the fee to the property therein described; those described as beneficiaries of the trust including any children born of the then existing and long continuing matrimonial status of Epsie A. and Thomas H. Coker. Until their wedlock was dissolved, contemplated beneficiaries of the trust—in addition to those present when the trust was created in 1865—could have been born to receive the benefit thereof. Section 1306 of the Code of 1852 read:

"Sec. 1306. No use, trust, or confidence can be declared of any land, or of any charge upon the same, for the mere benefit of third persons; and all assurances declaring any such use, trust, or confidence, must be held and taken to vest the legal estate in the person, or persons, for whom the same is declared, and no estate, or interest can vest thereby in any trustee."

Following what was found to be the necessary implication from the observation made in McBrayer v. Cariker, 64 Ala. 50, it was decided in Edwards v. Edwards, 142 Ala. 267, 273, 274, 39 South. 82 (its declaration being approvingly repeated in Kidd v. Cruse, 200 Ala. 293, 295, 76 South. 59), that the reposit of the title in the trustee during a period pending which any of the contemplated beneficiaries of the trust may come into being distinguishes such a trust from a "naked, dry, or passive trust," upon which character of trust the statute visits its effect to pass the title in fee reposed in the passive trustee to the cestui que trust. Gindrat v. West. Ry. of Ala., 96 Ala. 162, 165, 166, 11 South. 372, 19 L. R. A. 839, and cases there cited.

The application of this long-established principle to the deed of the Lymans to Smith, trustee, requires the conclusion that the instrument creating the trust and defining its beneficiaries was not subject to the transmissive effect of section 1306 of the Code of 1852 (Code 1907, § 3408); this trustee, independent of any other considerations, being inescapably charged with the duty to remain the repository of the legal title until it was finally determinable, upon the dissolution of the wedlock of the Cokers, who were the beneficiaries of the trust unmistakably created by the instrument—the granting clause prevailing over the habendum in cases of conflict between them. Porter v. Henderson, 203 Ala. 312, 82 South. 668, 671.

[5] It results that the instruments of conveyance by this trustee, conveying the legal title to the property, were breaches of the trust binding him in the premises, and that thereafter the holders of the legal title thus conveyed were subject to the equitable principles consequent upon the coming into existence of a constructive trust, as distinguished from the express trust that the breach by the trustee had terminated. Smith v. Dallas Compress Co., 195 Ala. 534, 538, 539, 70 South. 662, citing many earlier statements of the doctrine.

[6] Since in this action at law the legal title was due to prevail, the court below did not err in giving the general affirmative charge requested for the defendants.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## On Rehearing.

McCLELLAN, J. The argument and authorities cited in support of the application for rehearing have been accorded careful consideration. The court is not convinced that error affects its judgment of affirmance; that the stated doctrine of McBrayer v. Cariker, 64 Ala. 50—as amplified and reaffirmed in Edwards v. Edwards, 142 Ala. 267,

273, 274, 39 South. 82—is unsound or inapplicable to the case now under consideration. The stated doctrine of the McBrayer and Edwards Cases, supra, is that recently applied—though to somewhat different terms in the will—in Bibb v. Bibb, 204 Ala. 541, 86 South. 376.

It is evident that in Kidd v. Cruse, supra, this court did not intend to qualify or to repudiate the stated doctrine of the McBrayer and Edwards Cases, the latter being approvingly quoted, in the presently pertinent particular, in the Kidd-Cruse appeal, 200 Ala. 293, 295, 76 South. 59. The construction given the Kidd will and deed of trust was that they "merely conferred a power or imposed a trust to convey, as directed in the will and in a former deed of trust referred to and made a part of the will." 200 Ala. 295, 76 South. 61. Under the construction of both the instruments executed by Kidd the conclusion was in strict accord with the design and effect, in proper cases, of Code 1907, § 3408 (section 1306 of the Code of 1852). Not so with the deed quoted in the original opinion ante. In this deed the trustee was made the repository of the legal title until it could be determined what children would be born of the wedlock of Epsie A. and Thomas H. Coker. To permit the statute (section 3408 [section 1306 of the Code of 1852]) to work the transmission, at once, of the title (remainder) to the beneficiaries then in esse would have subverted the deed's manifest intent; would have immediately invested them with a title that the trust contemplated should abide in the trustee until it could be determined what children would be born to the Cokers. It is not reasonable to suppose that the statute (section 3408 [section 1306, Code 1852]) contemplated the complete execution of the trust that only the undefined future could disclose who should be all its beneficiaries. The text of section 520 of 2 Perry on Trusts does not conclude to a different effect, when it is borne in mind that until the wedlock of the Cokers terminated it could not be ascertained or determined who were the beneficiaries of the class made cestuis que trust.

The application for rehearing is denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., .concur.·