(108 So. 327)

**BELLAMY v. PITTS et al.  (4 Div. 253.)**

(Supreme Court of Alabama.   Jan. 21, 1926. Rehearing Denied April 22, 1926.)

**I. Trusts ⬤134—Trust deed of land for use of third person during her life, with direction for conveyance to her children at her death, held to convey legal title to trustee (Code 1923, §§ 6912, 6913).**

Trust deed of land to son-in-law for sole and separate use of his wife during her life, with direction to convey premises or other property acquired by virtue of trust to her children living at her death, held to vest legal title in trustee, in view of Code 1923, § 6913; section 6912 being inapplicable.

**2. Trusts ⬤359(2)—Beneficiaries under trust deed can enforce rights in equity on seasonable application after breach against purchasers with knowledge.**

Beneficiaries, under trust deed to land, can enforce equitable rights through court of equity by seasonable application after breach of trust against purchasers with knowledge of deed and in contravention of trust.

**3. Ejectment ⬤13—Trusts ⬤359(2)— Where trustee with legal title conveys land in contravention of trust, beneficiaries' remedy is not by ejectment, but in equity.**

Where trustee has legal title to lands, and conveys them in contravention of trust, beneficiaries' remedy is in equity by proper application seasonably filed after notice of breach, and ejectment, under Code 1923, p. 510, form 32, will not lie.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Action in ejectment by Minnie L. Bellamy against Willie G. Pitts and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The conveyances referred to in the opinion are as follows:

"S. C. Lindsay to Wm. C. Bellamy.

"State of Georgia, Muscogee County.

"This indenture made and entered into this the twelfth day of March in the year eighteen hundred and fifty-nine, between Sherwood C. Lindsay of the county of Muscogee in said state of Georgia of the first part and William C. Bellamy of the county of Russell, in the state of Alabama of the other part, witnesseth:

"That the said Sherwood C. Lindsay for and in consideration of the natural love and affection which he the said Lindsay hath and beareth unto his daughter Frances H. Bellamy the wife of said Wm. C. Bellamy, as also for the better maintenance and support of her the said Frances H. and her children now, or hereafter to be born and also as a part of what may fall or descend to the said Frances H. or her children, from the estate of the said Sherwood C. Lindsay after his death, by will or otherwise, and for the trust and confidences hereinafter specified, hath granted, given and conveyed. and doth by these presents grant, give and convey, unto the said Wm. C. Bellamy, the following described parcels of land lying and being in the county of Russell in the state of Alabama, to wit:

"The southeast quarter of section seventeen, township fourteen and range twenty-nine, containing one hundred and sixty acres, more or less, and also a portion of the north and west parts of section sixteen, township fourteen and range twenty-nine containing two hundred and forty more or less; the whole of the land hereby given and conveyed being the place now occupied by and in the possession of the said William C. Bellamy.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"To have and to hold the above given and granted premises, together with all the improvements and appurtenances thereof to him the said William C. Bellamy and to his successors in the trusts herein created appointed, by the proper authority, upon trust and confidence, that he and his successors shall hold the legal title of the above given premises, for the sole and separate use and as the separate estate of the said Frances H. Bellamy during her natural life, free from, and in no manner, at any time liable to the debts or contracts of the said William C. Bellamy or any future husband of the said Frances H. Bellamy.

"Upon further trust and confidence that the said William C. Bellamy and his successors lawfully appointed, shall have power and authority, upon the written consent and application of the said Frances H. Bellamy, to sell and dispose of the said above given premises and make and execute legal titles therefor to the purchase thereof, and reinvest the proceeds of such sale in other property suited to the convenience and circumstances of the said Frances H. Bellamy and her family, taking title therefor and holding the same with all the trusts and confidences herein and hereby created and specified.

"And upon further trust and confidence that the said William C. Bellamy and his successors as aforesaid upon the death of the said Frances H. Bellamy, shall convey the aforesaid premises, or the property either real or personal which may be acquired under and by virtue of the trusts herein created to the children of the said Frances H. Bellamy living at the time of her death. The words 'of the county of Russell in the state of Alabama' interlined on the first page before execution.

"In testimony whereof the said Sherwood C. Lindsay has hereunto set his hand and seal the day and year above written.

                              "S. C. Lindsay. [L. S.]".

"W. C. Bellamy to R. E. Lindsay.

"W. C. Bellamy, Trustee, to R. E. Lindsay, Executor.

"State of Georgia, Fulton County.

"This indenture made this the 24th day of October, 1881, between William C. Bellamy of said county as trustee for Frances H. Bellamy and her children and Frances H. Bellamy who joins in this conveyance as manifesting her written consent to the sale and disposition of the property herein conveyed of the one part and Richard E. Lindsay as executor of S. C. Lindsay late of Muscogee county, deceased, of the other part, witnesseth:

"That heretofore, to wit, on the 12th day of March, 1859, the said S. C. Lindsay made a certain deed whereby he conveyed to the said William C. Bellamy upon trust for the use of the said F. H. Bellamy during her life, and after her death to convey the same to the children of the said F. H. Bellamy, then living and upon further trust that the said William C. Bellamy shall have the power and authority upon the written consent and application of the said F. H. Bellamy, to sell and dispose thereof, the following described parcels of land lying and being in the county of Russell in the state of Alabama, to wit:

"The southeast quarter of section (17), township fourteen (14), range twenty-nine (29), containing one hundred and sixty acres (160) more or less, and also a portion of the north and west parts of section sixteen (16), township fourteen (14), range twenty-nine (29), containing two hundred and forty (240) acres more or less, the whole of said lands being the place then in the possession of said William C. Bellamy, said deed having been made by the said S. C. Lindsay in consideration of love and affection for his daughter, said Frances H., and also as a part of what might fall or descend to the said Frances H. or her children from the estate of said S. C. Lindsay after his death, by will or otherwise. And the said deed having been recorded in the office of the probate court of Russell county aforesaid, and having been retained by the said S. C. Lindsay in his own possession; and whereas afterwards on the 11th day of September, 1872, the said S. C. Lindsay, purchased from one John Foster at the price of three thousand dollars, a certain tract of land in Calhoun county, Alabama, and procured the said Foster to convey the same to the said Frances H. Bellamy, and at the same time the said William C. Bellamy and said Frances H. surrendered to the said S. C. Lindsay the possession of said land in Russell county, and took possession of said land in Calhoun county, and the said S. C. Lindsay having retained possession of said land in Russell county until his death, and having, as it is believed, destroyed the said deed so that no evidence of title remains, except the said record. And the said S. C. Lindsay having departed this life leaving a large estate, and under his will the said Frances H. Bellamy being entitled to an undivided share of greater value than said lands in Russell county, and said land being worth much less at this date, than at the time of making said deed, in 1859, and it therefore, being to the interest of the said Frances H. to consider said advance, so made by said deed as received and to receive her full share of said estate without taking said land as a part thereof. Now in consideration of the premises, the said William C. Bellamy, trustee as aforesaid, and the said Frances H. Bellamy, have renounced, relinquished, and quitclaimed, and by these presents do renounce, relinquish, quitclaim, convey unto the said Richard E. Lindsay, executor of S. C. Lindsay, all the right, title and interest, which they or either of them have in the said premises in Russell county, Alabama, aforesaid, so that the right and title thereof shall vest in and remain in the said S. C. Lindsay in the same manner and of the same extent before the making of said deed in 1859.

"In witness whereof they the said William C. Bellamy, trustee as aforesaid, and the said Frances H. Bellamy, have hereunto set their hands and seals, the day and year first above written.

"Signed, sealed and delivered in presence of:
                    "W. C. Bellamy.     [L. S.]
                    "Fannie L. Bellamy.  [L. S.]"

W. A. Gunter, of Montgomery, and M. L. Bellamy, for appellant.

The deed of 1881, not being made in pursuance of the power granted in the trust deed

of 1859 to sell for change of investment, and being without consideration, was utterly void. Jordan v. Phillips, 29 So. 831, 126 Ala. 561; Doe v. Martin, 4 Term R. 60, 100 Eng. Rep. 882; Dallas Comp. Co. v. Smith, 67 So. 289, 190 Ala. 423. Section 1307 of the Code of 1852 applies only to active trusts, and section 1306 to dry trusts. You v. Flinn, 34 Ala. 409; Berry v. Bromberg, 37 So. 847, 142 Ala. 339. The power conferred upon the trustee to sell for reinvestment did not prevent the vesting of remainder. Cunningham v. Moody, 1 Ves. 174; Owens v. Gachet, 93 So. 509, 207 Ala. 563, 5 Ann. Cas. 806; Tayloe v. Mosher, 29 Md. 451; Ellicott v. Ellicott, 45 A. 183, 90 Md. 321, 48 L. R. A. 58.

R. T. Goodwyn, of Montgomery, and F. M. De Graffenried, of Seale, for appellees.

Under the deed of 1859, the entire legal estate and title to the lands involved passed to Bellamy. Code 1852, § 1307; Robinson v. Pierce, 24 So. 984, 118 Ala. 273, 45 L. R. A. 66, 72 Am. St. Rep. 160. The only remedy of the beneficiaries for redress of a breach of the trust is by resort to a court of equity, which relief is subject to be lost by laches. Nabors v. Woolsey, 56 So. 533, 174 Ala. 289; Winters v. Powell, 61 So. 96, 180 Ala. 425; Dallas Compress Co. v. Smith, 67 So. 289, 190 Ala. 423; Id., 70 So. 662, 195 Ala. 534; Teal v. Pleasant Grove, 75 So. 335, 200 Ala. 23; Veitch v. Woodward Ir. Co., 76 So. 124, 200 Ala. 358; Dinkins v. Latham, 79 So. 493, 202 Ala. 101; Huey v. Brock, 92 So. 904, 207 Ala. 176; Owens v. Gachet, 93 So. 509, 207 Ala. 564; Brooks v. Greil Bros., 68 So. 874, 192 Ala. 235; Coker v. Hughes, 87 So. 321, 205 Ala. 344.

MILLER, J. This is a statutory ejectment suit in Code form 32 (page 510, Code 1923), by Minnie L. Bellamy against William G. Pitts and others to recover possession of certain land therein described in Russell county, Ala. The defendants plead general issue, not guilty, with leave to give in evidence any matter of legal special defense. The jury returned a verdict in favor of the defendants, and this appeal is prosecuted by the plaintiff from a judgment of the court based on that verdict. The defendants requested in writing, and the court gave, the general affirmative charge with hypothesis in their favor, and this is assigned as error. Other alleged errors are assigned, but this is practically the only one argued and insisted upon by appellant.

The land involved in this suit was the property of S. C. Lindsay. He owned and was in possession of it in 1859, and on March 12, 1859, by deed properly executed and duly recorded by him, he conveyed it to William C. Bellamy. Frances H. Bellamy, mentioned therein, is the wife of William C. Bellamy

and daughter of S. C. Lindsay, and Frances H. Bellamy died on June 14, 1915, leaving one heir (child) Minnie L. Bellamy, the plaintiff. This conveyance of Lindsay to Bellamy appears in full in the report of the case, as its interpretation is necessary to a proper decision of the matters in dispute.

[1] This deed of S. C. Lindsay to William C. Bellamy is without the operation of the statute (section 6912, Code of 1923), which is the same as section 1306, Code 1852; and it conforms to, and is controlled by, the statute (section 1307 of the Code of 1852), which is the same as section 6913, Code of 1923. This statute (section 1307, Code of 1852) reads:

"Nothing in the preceding section contained shall prevent the conveyance of real or personal property, or the issues, rents, and profits thereof, to another, in trust for the use of the grantor, or of a third person, or his family, or for any other lawful purpose; but in such case the legal title vests in the trustee."

S. C. Lindsay by this deed conveyed real estate to another (William C. Bellamy), in trust for the sole and separate use of a third person (Frances H. Bellamy) during her natural life, with direction to convey these premises or other property acquired by virtue of the trust "to the children of said Frances H. Bellamy living at the time of her death." The trustee was charged with remaining the repository of the title until the death of Frances H. Bellamy. This conveyance under the statute (section 1307, Code 1852) vested the legal title in the trustee to the property. The grantor or trustor, Lindsay, evidently so intended to vest the legal title in the trustee, for in express words therein he authorized him, with the written consent of Frances Bellamy, to sell the property and execute legal title therefor to the purchaser. And this conveyance states that the trustee shall convey, upon the death of Frances H. Bellamy, the aforegranted premises or the property acquired under or by virtue of the trusts herein created to the children of Frances H. Bellamy living at the time of her death. This clearly evidences that he intended for the trustee to be vested with the fee-simple title to the property described in the conveyance. The trustee could not exercise the power conferred on him by the conveyance to sell and convey the legal title to the property to the purchaser, unless the trustee held the legal title. So we must hold this conveyance vests the legal title to the property in the trustee, which he holds in trust. Strikingly similar conveyances were so construed by this court, one in Robinson v. Pierce, 24 So. 984, 118 Ala. 273, 45 L. R. A. 66, 72 Am. St. Rep. 160; and the other in Coker v. Hughes, 87 So. 321, 205 Ala. 344. This construction of this conveyance is sustained also by Dallas Compress Co. v. Smith, 67 So. 289, 190 Ala. 423; Smith v. Dallas Compress Co., 70 So. 662, 195 Ala. 534;

Veitch v. Woodward Iron Co., 76 So. 124, 200 Ala. 358, and authorities cited therein.

After the execution and delivery of the foregoing deed, the trustor, S. C. Lindsay, purchased from one Foster for $3,000 a house and lot of seven acres, and an adjoining tract of 40 acres, and had Foster to convey it direct to his said daughter, Frances Bellamy. She and her husband went into possession of it. There was evidence that the possession of the land in this suit was then delivered to S. C. Lindsay. S. C. Lindsay died testate in 1879. His will was duly probated. R. E. Lindsay, his son, was named, and duly qualified, as executor, and entered into possession of the land sued for under a deed dated October 24, 1881, executed and delivered by William C. Bellamy, trustee, etc., and Frances H. Bellamy to R. E. Lindsay as executor of S. C. Lindsay, deceased. This deed appears in full in the report of the case. This deed on its face shows a breach of the trust under which William C. Bellamy held the legal title. This conveyance was not made for the purpose of reinvesting the proceeds in the name of the trustee. The consideration mentioned went to Frances Bellamy, and not to the trustee. The conveyance as made conformed in form to the requirements of the authority to sell, stated in the trust deed. Frances H. Bellamy gave her written consent to an application for the sale by expressions in the deed, and by signing it. This deed conveyed the legal title to the property in this suit to the executor of the estate of S. C. Lindsay, deceased. He, as executor, sold it under the power and authority of the will of decedent, and the purchaser paid $3,000 for it. Deed was made by the executor to the purchaser. The $3,000 were divided by the executor among the devisees, and Frances Bellamy was one, receiving her part thereof. The purchaser of this land at that sale on February 12, 1883, and those claiming under him by bona fide purchase, including the defendants, were in actual adverse possession of this land continuously under deeds conveying it to them by the different vendors from February 12, 1883, until this suit was commenced May 30, 1925, claiming the title to it in fee simple. William C. Bellamy, the trustee, died June 3, 1892.

This court in Robinson v. Pierce et al., 24 So. 991, 118 Ala. 301, 45 L. R. A. 66, 72 Am. St. Rep. 160, wrote:

"The trustee is the embodiment, so to speak, of the cestui que trust. Through him, they are parties to the deed. They are separate from him, and can assail his acts, only in equity. If recitals showing a breach are conclusive, as a corollary, they are conclusive when they show conformity, thus excluding, in the latter case, all redress.

"A purchaser from a trustee, in contravention of the trust, in no sense, becomes thereby an express trustee. He becomes a trustee in invitum, by construction of law. He is a constructive trustee. He holds actually in his own right, and in hostility to the world; but a court of equity, as Judge Story puts it, will 'force a trust upon his conscience,' and compel him to perform it or answer for its fruits. 2 Story Eq. Jur. § 1257; 2 Washburn Real Prop. marg. p. 177, § 21; Hill on Trustees, marg. p. 144; 1 Perry on Trusts, §§ 217, 241; 2 Pom. Eq. § 1048; Smyth v. Oliver, 31 Ala. 39."

[2] This vendee, executor of the estate of Lindsay, deceased, from the trustee, Bellamy, and the subvendees of this land, including the defendants, with knowledge of the trust deed and in contravention of the trust, would secure by the respective conveyances the legal title to this land; but each with such knowledge became a trustee in invitum of the property by operation of law; and the beneficiaries under the trust deed could enforce their equitable rights to it through a court of equity, if seasonably commenced by proper application after the breach of the trust occurs, and the beneficiary has notice thereof.

In Smith v. Dallas Compress Co., 70 So. 664, 195 Ala. 538, this court wrote:

"When the trustee violated the trust by conveying the trust estate to Ikelheimer, the express trust then and theretofore existing under the antenuptial contract was terminated, and a constructive trust, created by implication of law, came into existence, succeeding the direct, express trust thus terminated. The purchaser from the trustee with knowledge of the breach of the express trust wrought by the conveyance made to him by the trustee became by construction of law a trustee. While as between the cestui que trust and the trustee of the direct, express trust no length of time will bar the beneficiary from his remedy, such exemption from the effect of the lapse of time does not apply to a constructive trust that is brought into existence by implication of law when the trustee of a direct trust conveys the trust estate to a purchaser with notice of its trust character, and thereby imposes upon the purchaser the character of a constructive trustee."

And this court in that case (Smith v. Dallas, etc., Co., 70 So. 664, 195 Ala. 539) stated:

"It has been long settled in this state, whatever may be the rule elsewhere prevailing, that a constructive trust thus created may be barred by the lapse of time."

[3] The plaintiff in this cause was born April 20, 1856. She was more than 21 years of age when Bellamy, as trustee, and her mother executed that deed to the executor of the estate of S. C. Lindsay on October 24, 1881. It is admitted that she "knew of the execution of the said deed of 1881 at the time it was made." The legal title to this property passed by deed from Bellamy as trustee and Frances Bellamy to the executor of the estate of Lindsay, deceased. The remedy of the plaintiff is not by ejectment. She has not the legal title to the property. It is in the defendants. Her remedy was alone in equity by proper application seasonably filed after notice of breach of the trust, the execution of

the deed by the trustee in 1881 to the executor, to intercept the legal title to the property, and have her equitable rights fastened on it. Authorities supra.

In Dallas Compress Co. v. Smith, 67 So. 289, 190 Ala. 423, this court wrote:

"In Robinson v. Pierce, a trustee, having the entire estate in trust to preserve an equitable separate estate for life with power to sell the fee, and hence with power to bar the remainder limited over by the deed of trust, by deed executed in fraud of the trust, conveyed full legal title; his grantee thereby acceding to the entire legal estate in fee. It was held that the remaindermen had immediately an equitable cause of action which their duty to the grantee required them to assert within a reasonable time."

Under the evidence the plaintiff did not have the legal title to the property sued for and the right to the possession of it. The legal title to the property was in the defendants. Hence she must fail in this ejectment suit. Coker v. Hughes, 87 So. 321, 205 Ala. 344.

It results that the court properly gave the general affirmative charge with hypothesis in favor of the defendants, which they requested in writing. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

SAYRE, J. (concurring). Appellant brought her action at law (ejectment) upon the theory that the trustee's deed, purporting to convey the fee to "R. E. Lindsay, executor of S. C. Lindsay," was a nullity so far as concerned the estate in remainder, because made in breach of the trust. Her success in this action depends, for one thing at least, upon her ability to maintain that theory. The trustee was clothed with the fee and with a power to convey that fee. This, I think, should be conceded on all hands. The proposition of law involved in appellant's theory of the case was one of the two leading questions considered in Robinson v. Pierce, 24 So. 984, 118 Ala. 273, 45 L. R. A. 66, 72 Am. St. Rep. 160, and there, for aught I am able to understand, correctly decided against appellant's contention in this case upon what we now, upon re-examination, consider to have been a very careful and candid examination of the adjudicated cases. And, at any rate, we have traveled too far along that road now to turn back except upon strong conviction of error. In the briefs for appellant, Jordan v. Phillips, 29 So. 831, 126 Ala. 567, and Dallas Compress Co. v. Smith, 67 So. 289, 190 Ala. 423, are referred to as if affording some support for appellant's case. As for the case first named, unless it may be distinguished on some difference of fact, it

must be said that it overlooked the decision in Robinson v. Pierce on the subject of the execution of powers, and was based upon the authority of adjudications by the courts of states where the rule prevailed which was considered and rejected in Robinson v. Pierce. This will appear on a reference to 27 Am. & Eng. Encyc. Law (1st Ed.) p. 232, and note. As for Dallas Compress Co. v. Smith, in that case the court endeavored to the best of its understanding to follow the doctrine of Robinson v. Pierce as far as it was applicable to the circumstances of the case then under consideration; but we said: "In the present case (Dallas Compress Case) the grantor back to whom appellants," who stood in opposition to the remainderman, as does appellant in the case now here, "trace their claim to the estate had no fee, nor, after the death of the settlor, any power of disposition whatever," and the right of the remainderman to the corpus of the estate was upheld on principles conceded in Robinson v. Pierce.

I think it worth while to note further the fact that in Robinson v. Pierce, and. for that matter, in Dallas Compress Co. v. Smith also, both legal and equitable rights of the parties were taken into consideration, whereas, here and now, the result depends upon the one strictly legal question stated above—legal as contradistinguished from equitable. There is, therefore, no occasion for referring to any statement of equitable doctrine, or any doctrine, legal or equitable, other than that upon which, in my judgment, this case must turn. With this reservation, not greatly material perhaps, I concur in what has been written for the court.