**BELLAMY v. PITTS et al.**   (4 Div. 312.)

Supreme Court of Alabama.   April 7, 1927.

Limitation of actions ⬅103(1)—Beneficiary having knowledge of breach of trust and commencing no action for more than 40 years held properly denied relief.

Where daughter at time of trustee's conveyance of property conveyed to her mother in trust for her life and to be conveyed to children after her death was over 21 years and commenced no action thereafter for assertion of her rights until after lapse of more than 40 years from breach of trust by trustee of which she had knowledge, she was not entitled to relief because of great staleness of demand.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Bill in equity by Minnie L. Bellamy against Willie G. Pitts and others. From a decree denying relief, complainant appeals. Affirmed.

W. A. Gunter, of Montgomery, for appellant.

The doctrine of laches does not apply. No period of 20 years elapsed between the date of the death of the life tenant and the bringing of the suit. Lindsay v. Cooper, 94 Ala. 170, 11 So. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105; St. Romes v. Cot. Press Co., 127 U. S. 614, 8 S. Ct. 1335, 32 L. Ed. 289. The property passed to defendants impressed with a trust, and they held the same in the same manner as the original trustee. 1 Story's Eq. Jur. § 395; 2 Story, § 1257; 3 Pom. Eq. Jur. § 1048; Hill on Trustees, 164; 1 Beach on Trusts, § 98; Mechanics Bank v. Seton, 1 Pet. 309, 7 L. Ed. 152; Zeller v. Eckert, 4 How. 289, 11 L. Ed. 979. To render a possession adverse, it must be hostile in its origin and hostile in its continuance. 1 Century Dig. 2234, §§ 279, 290; Dothard v. Denson, 72 Ala. 541; Trufant v. White, 99 Ala. 526, 13 So. 83; Lecroix v. Malone, 157 Ala. 434, 47 So. 725; Lay v. Fuller, 178 Ala. 375, 59 So. 609; Bonner v. Young, 68 Ala. 35. Limitations do not run between the trustees and the cestui. 2 Wash. Real Prop. § 1448; 2 Beach, Trusts, § 668.

Frank M. De Graffenried, of Seale, and Goodwyn & Goodwyn, of Montgomery, for appellees.

Complainant failed to make seasonable application for relief against the trustees or trustees in invitum, and her rights are now barred. Smith v. Dallas Comp. Co., 195 Ala. 538, 70 So. 662; Bellamy v. Pitts, 214 Ala. 467, 108 So. 327; Robinson v. Pierce, 118 Ala. 301, 24 So. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160; Nabors v. Woolsey, 174 Ala. 289, 56 So. 533; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; Dallas Comp. Co. v. Smith, 190 Ala. 423, 67 So. 289.

GARDNER, J. Complainant to this bill (appellant here) was born in April, 1856, and is the only surviving heir of Frances H. Bellamy, who died in June, 1915. Frances H. Bellamy was the wife of William C. Bellamy, and the daughter of S. C. Lindsay, who originally owned the real estate here involved. Said Lindsay in March, 1859, conveyed this property to William C. Bellamy in trust for the sole and separate use of Frances H. Bellamy during her life, and to be conveyed to the children of said Frances H. Bellamy at her death. The trustee was authorized by this conveyance to sell and dispose of the property upon written consent of Frances H. Bellamy for the purpose of reinvestment. In October, 1881, the trustee exercised the power with the written consent of said Frances H. Bellamy and conveyed the property to R. E. Lindsay as executor of the estate of S. C. Lindsay, deceased, and the property was subsequently sold by said executor in February, 1883. The purchasers at such sale, and those claiming under him, including the defendants in this cause, have been in actual, open, adverse possession of this property under claim of ownership continuously under deeds conveying it to them by the different vendors from February, 1883, to the commencement of this litigation. The conveyances of Lindsay to Bellamy of 1859 and Bellamy to Lindsay as executor in 1881, together with the pertinent facts relating thereto, are set out in the case of Bellamy v. Pitts, 214 Ala. 467, 108 So. 327, to which reference is made for more detailed examination thereof.

In the year 1923, complainant (a resident of the state of Georgia) first brought suit in ejectment for the recovery of this land in the United States District Court, and was unsuccessful. Suit in ejectment was subsequently begun in May, 1925, in the circuit court of Russell county, and judgment for defendants was here affirmed. Bellamy v. Pitts, supra.

On that appeal it was held that the conveyance of October, 1881, executed by the trustee to R. E. Lindsay as executor, conformed in form to the requirements of the authority to sell as set forth in the trust deed and passed the legal title. As the sale was not for the purpose of re-investment (as appeared on the face of the deed), the conveyance by the trustee constituted a breach of the trust, and it was held that the purchasers with knowledge of such breach became trustees in invitum of the property by operation of law. It was further held that, as the legal title passed by the trustee's deed, plaintiff in that action could not maintain ejectment, but that as a beneficiary under the deed of trust she could enforce her equitable rights to the property in a court of equity, "if seasonably commenced by proper application after the breach of the trust occurs, and the beneficiary has notice thereof." Complainant therefore filed this bill to intercept the legal title and have her equitable rights fastened to the property.

It appears that complainant was over the age of 21 years when the conveyance of October, 1881, by the trustee was executed, and that she knew of its execution at that time, and reference has been previously made to the long-continued, open, adverse possession of defendants and those through whom they derive title. Immediately upon the commission of the breach of trust by the execution of the conveyance by the trustee, complainant, as one of the beneficiaries of the trust, had

an 'independent, substantive cause of relief for being made whole against the consequences of the breach," and her remedy in a court of equity was open to her to the same extent and effect at the time of the breach as after the death of her mother. Such is the effect of the holding of the court in Robinson v. Pierce, 118 Ala. 273, 24 So. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160, a case directly in point.

In Smith v. Dallas Compress Co., 195 Ala. 538, 70 So. 662, it was said:

"It has been long settled in this state, whatever may be the rule elsewhere prevailing, that a constructive trust thus created may be barred by the lapse of time."

See, also, Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; Chambless v. Kennamer, 214 Ala. 293, 107 So. 908.

Under the undisputed proof complainant commenced no action for the assertion of her rights until after the lapse of more than 40 years from the breach of trust of which she had knowledge, and relief was properly denied her because of the "great staleness of the demand" sought to be made the basis of relief.

In Robinson v. Pierce, supra, the following language of the opinion is here directly applicable:

"Here, in the case before us, after the trustee executed the trust, the remaindermen had no title and no possibility of becoming invested with one, except by suing in equity to acquire it, based upon the independent cause of relief conferred by the breach of trust. It is to this equitable proceeding to acquire a title that staleness of demand is pleaded, and to disallow the defense would be to overrule that great and invaluable principle of equity which has stood for centuries requiring the suitor to be diligent."

The case of Robinson v. Pierce, supra, has been frequently cited and approvingly quoted in our subsequent decisions. The questions here involved are there fully and ably discussed. That authority, if it be followed, is decisive of this appeal adversely to appellant. We are not persuaded that case was incorrectly decided, but, on the contrary, upon due reflection, think it sound. It has stood for many years as the accepted law of this jurisdiction, and we are unable to see any good reason for its repudiation.

It results that the decree denying complainant relief is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.