(122 So. 413)

**LEWIS et al. v. BELK et al. (6 Div. 273.)**

Supreme Court of Alabama. May 16, 1929.

Mitchell & Ford and Ernest B. Fite, all of Hamilton, for appellants.

J. P. Middleton and K. V. Fite, both of Hamilton, for appellees.

GARDNER, J. The bill in this cause was filed by the appellees in February, 1928, seeking reformation of a certain deed executed to their mother, Nancy Jeffreys, by B. M. Tolleson and wife, on October 2, 1889, purporting to convey the fee-simple title to 100 acres of land in Marion county, Ala. The original bill was amended and demurrers thereto overruled. To review this decree the appeal is prosecuted.

"It requires very great particularity of averment, and very clear proof, to authorize the reformation of a written contract." Dexter v. Ohlander, 95 Ala. 467, 10 So. 527; Camper v. Rice, 201 Ala. 579, 78 So. 923; Warren v. Crow, 195 Ala. 568, 71 So. 92.

Complainants' mother, Nancy Jeffreys, died in September, 1926, and complainants insist it was the intention of the grantor to convey only to said Nancy Jeffreys a life estate with remainder over to her heirs. We construe the bill as showing a claim of an interest in the land by complainants as vested

remaindermen. When such interest vested is not made to appear.

The bill seeks the reformation of a deed after the passage of more than 35 years from the date of its execution. Under the uniform decisions of this court, it was therefore incumbent upon complainants to aver sufficient excuse for so long a delay. Henley v. Masonic Temple Ass'n, 208 Ala. 371, 94 So. 300; Chambless v. Kennamer, 214 Ala. 293, 107 So. 908; Fowler v. Fowler, 205 Ala. 514, 88 So. 648; Gayle v. Pennington, 185 Ala. 53, 64 So. 572; Bellamy v. Pitts, 216 Ala. 40, 112 So. 328; Patterson v. Weaver, 216 Ala. 686, 114 So. 301; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124.

In considering the assignment of demurrer taking the point of laches, the learned chancellor evidently considered the averment that the alleged life tenant died in 1926 as sufficient excuse for nonaction on complainants' part. It is of course the rule that the statute of limitations can never run against the remainderman during the existence of the life estate, for until the termination of the life estate he has no right of action for recovery of the possession of the land. Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289; Winters v. Powell, 180 Ala. 425, 61 So. 96. But the reasoning of these authorities is without application here.

These complainants are seeking the enforcement of an equitable right, upon the establishment of which their title and interest depend. As vested remaindermen the enforcement of such equitable right was as available to them before the death of the life tenant as after that event, and, indeed, the falling in of the life estate bore no relation thereto. This principle is illustrated by the case of Robinson v. Pierce, 118 Ala. 273, 24 So. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160, where the court, speaking to an analogous question, said: "It is to this equitable proceeding to acquire a title that staleness of demand is pleaded, and to disallow the defense would be to overrule that great and invaluable principle of equity which has stood for centuries requiring the suitor to be diligent. What conceivable reason can there be for exempting a person from this rule of diligence who sues in equity to acquire an estate in remainder or reversion, any more than one suing in equity to acquire an estate in possession?" To like effect are Bellamy v. Pitts, supra; Woodstock Iron Co. v. Fullenwider, 87 Ala. 586, 6 So. 197, 13 Am. St. Rep. 73; Worthington v. Miller, 134 Ala. 420, 32 So. 748.

The bill is entirely insufficient by way of explanation or excuse for so long a delay. It appears that Nancy Jeffreys sold the property (the year not stated), and her vendee mortgaged it to the Bank of Tupelo, defendant Lewis becoming the purchaser at the foreclosure sale, and as to the Tupelo Bank there appears no charge that it had notice of complainants' claim. When the mortgage was foreclosed is not disclosed, but the bill avers that "about that time" the children of Nancy Jeffreys consulted an attorney, who advised that no action could be maintained until the death of the life tenant. Aside from the fact that a mistaken view of the law would not suffice as an excuse (Manfredo v. Manfredo, 191 Ala. 322, 68 So. 157, 23 R. C. L. 322), the absence of averment as to time renders these allegations without effect.

Complainants having failed to allege sufficient explanation and excuse for delay, the demurrer taking the point should have been sustained, as it is a well-settled rule of practice in this state that a demurrer will lie for laches appearing on the face of the bill. Gayle v. Pennington, supra; Fowler v. Ala. Iron & Steel Co., 164 Ala. 414, 51 So. 393.

Reformation is sought solely on the ground of mistake, no fraud intervening. Mutuality of the mistake is essential. Camper v. Rice, supra; Warren v. Crow, supra; 23 R. C. L. 327.

A reading of the bill is persuasive that it is lacking in this essential.

The demurrer to the bill as amended should have been sustained.

Let the decree be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.